IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 16-cv-02179-PAB
Criminal Case No. 14-cr-00423-PAB-5

UNITED STATES OF AMERICA,

v.

5.   NICOLE MITCHELL,

  Defendant.

---

# ORDER DENYING § 2255 MOTION

---

Movant, Nicole Mitchell, has filed, *pro se*, a Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") [Docket No. 397]. Ms. Mitchell has also filed a supplemental memorandum. Docket No. 401. The United States responded to the § 2255 motion. Docket No. 417. Ms. Mitchell filed a reply. Docket No. 420.

The Court construes Ms. Mitchell's filings liberally because she is not represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court will not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the § 2255 motion will be denied.

## I. PROCEDURAL HISTORY

On December 11, 2015, Ms. Mitchell pled guilty to Count One of an information, charging a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846, conspiracy to distribute and possess with the intent to distribute a quantity of a mixture and substance

containing a detectable amount of methamphetamine. Docket No. 295. The Court sentenced Ms. Mitchell to a total of 80 months imprisonment. Docket No. 367 at 2. Ms. Mitchell filed a direct appeal, Docket No. 398, but the Court of Appeals for the Tenth Circuit dismissed the case for failure to file her appeal within fourteen days of entry of judgment. Docket No. 403.

Ms. Mitchell's § 2255 motion claims that, in calculating her offense level under the United States Sentencing Guidelines, the Presentence Investigation Report erred by including a two-level increase pursuant to § 2D1.1(b)(1) for possession of a dangerous weapon. Docket No. 401 at 1. Ms. Mitchell contends that she should not have been given a two-level increase because she did not constructively possess the firearm, citing *United States v. Little*, 829 F.3d 1177 (10th Cir. 2016). *Id*. She requests that the two-level increase in her offense level be removed. *Id*.

## II. ANALYSIS

The United States argues that Ms. Mitchell's § 2255 motion is subject to dismissal based on the collateral-attack waiver in her plea agreement. Docket No. 417 at 3-5. The plea agreement states, in relevant part:

> The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

Docket No. 295 at 3.

A collateral-attack waiver in a plea agreement will be enforced if: (1) the collateral

attack falls within the scope of the waiver; (2) the defendant's waiver of her collateral rights was knowing and voluntary; and (3) enforcement of the waiver would not result in a miscarriage of justice. *See United States v. Viera,* 674 F.3d 1214, 1217 (10th Cir. 2012) (applying analysis in *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004), for determining whether a plea agreement waiver of appellate rights is enforceable); *see also United States v. Frazier-LeFear*, No. 16-6128, 665 F. App'x 727, 729 (10th Cir. Dec. 15, 2016) (unpublished) (same).

The Court finds that each of the three *Hahn* factors is satisfied and, as a result, the appeal waiver bars Ms. Mitchell's claim. *See Viera*, 674 F.3d at 1217. First, this claim falls within the scope of the waiver, which includes a waiver of the "right to challenge this prosecution, conviction or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255)." None of the exceptions to the waiver clause applies to this claim. Second, Ms. Mitchell's plea was knowing and voluntary. At the change of plea hearing, after asking questions of Ms. Mitchell about her plea agreement and her intention to plead guilty to Count 1 of the information, the Court concluded that she entered the plea agreement voluntarily, knowingly, and intelligently. The Court read the language of Ms. Mitchell's appellate waivers to her and asked her whether she believed that she understood them. Ms. Mitchell indicated that she had a chance to review the waivers with her attorney and believed that she understood them. In her statement in advance of guilty plea, Ms. Mitchell acknowledged that she had discussed the terms of her plea agreement with her attorney and that she was satisfied with counsel's representation. Docket No. 296 at 6.

Because Ms. Mitchell's § 2255 motion falls within the scope of the collateral-attack waiver in her plea agreement and she has not made a colorable argument that her waiver was not knowing and voluntary, she must demonstrate that enforcement of the waiver would result in a miscarriage of justice. A miscarriage of justice occurs "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327. *See also United States v. Polly*, 630 F.3d 991, 1001 (10th Cir. 2011) (explaining that four exceptions listed in *Hahn* are exclusive means to establish miscarriage of justice).

The Court finds that each of the *Hahn* factors supports enforcement of Ms. Mitchell's collateral attack waiver. The Court did not rely on an impermissible factor, Ms. Mitchell does not claim that there was any ineffective assistance of counsel in regard to her appeal waiver, the sentence did not exceed the twenty year maximum, and there is no evidence that the waiver was otherwise unlawful. Consequently, the waiver is valid and precludes the relief requested in her § 2255 motion.

Under Rule 11(a) of the Section 2255 Rules, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack*

4

*v. McDaniel*, 529 U.S. 473, 484 (2000)). In the present case, the Court concludes that movant has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will deny a certificate of appealability.

## III. CONCLUSION

For the reasons discussed above, it is

**ORDERED** that the Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 397], filed by Nicole Mitchell, is DENIED.

**ORDERED** that, under 28 U.S.C. § 2253(c)(2) and the Rules Governing Section 2255 Proceedings for the United States District Courts, a certificate of appealability is DENIED.

DATED May 9, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge